United States District Court

Eastern District of California

Demetrius Henderson,

    Petitioner

vs.

D. L. Runnels, et al.,

    Respondents.

No. Civ. S 04-2416 LKK PAN P

Findings and Recommendations

-oOo-

Petitioner is a state prisoner seeking a writ of habeas corpus. See 28 U.S.C. § 2254. Respondents move to dismiss upon the ground the petition is second or successive. Petitioner filed no opposition.

Before a federal district court may entertain a second or successive petition, the petitioner must obtain permission from the appellate court. 28 U.S.C. § 2244(b)(3)(A). A petition is second or successive if it presents claims that were or could have been adjudicated on the merits in an original petition.

1  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001).  A
2  dismissal is "on the merits" if the petitioner cannot return to
3  federal court to challenge the judgment in question.  See
4  Henderson v. Lambpert, 396 F.3d 1049 (9th Cir. 2005) (petition
5  second or successive where previous petition denied for
6  petitioner's default of a state procedural rule).
7       Petitioner challenges his August 4, 2000, conviction of
8  stalking for which the trial court on November 2, 2000, imposed
9  a two-year prison sentence but suspended execution of the
10 sentence on the condition petitioner successfully complete three
11 years' probation.  Petitioner alleges his plea was involuntary
12 because counsel advised petitioner he would be found guilty at
13 trial because he is black, counsel failed to inform petitioner
14 the victim was mentally ill, recanted her allegations and offered
15 to testify in petitioner's favor, and counsel refused to talk to
16 petitioner, lied to petitioner and refused to obtain a statement
17 from the victim.  Petitioner also alleges the trial judge denied
18 him the right of appeal by telling petitioner he did not want to
19 see petitioner in court again.
20      Petitioner previously challenged the same conviction in case
21 number Civ. S 03-1474 LKK PAN P.  Petitioner alleged his plea was
22 involuntary because counsel refused to obtain a statement from
23 the victim, told petitioner the victim would testify for the
24 prosecution, refused to move to recuse the judge and refused to
25 talk to petitioner.  He also alleged he would not have entered
26 the plea of guilty if he had known a condition of parole would be

not to have contact with the victim.  This court dismissed the petition as untimely.

Petitioner's claim in the November 12, 2004, application that his plea of guilty was involuntary as a result of incompetence of his trial counsel was presented in the earlier application and to the extent they are any different his current claims could have been included in the earlier petition.

I find the November 12, 2004, application is second or successive and petitioner has not obtained leave from the appellate court to make such an application. See Copper, 274 F.3d at 1273 ("Because Cooper was aware of the factual predicate of this claim long ago and could have raised the claim in his first petition, his claim is "second or successive.")

I therefore recommend this action be dismissed.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Within 20 days after being served with these findings and recommendations, petitioner may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated:  June 7, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge